**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRICKLAYERS PENSION
TRUST FUND-
METROPOLITAN AREA,           CIVIL ACTION NO. 09-cv-11290
et al.,
        Plaintiffs,

  vs.                          DISTRICT JUDGE PATRICK J. DUGGAN

EVERLAST MASONRY,            MAGISTRATE JUDGE MONA K. MAJZOUB
INC., et al.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY (DOCKET NO. 23)

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery filed on September 16, 2009. (Docket no. 23). Defendants did not file a response. The parties filed an Amended Joint Statement Of Resolved And Unresolved Issues Regarding Discovery With Respect To Defendant DRKK Development, LLC on November 9, 2009. (Docket no. 31). The parties filed an Amended Joint Statement of Resolved And Unresolved Issues Regarding Discovery With Respect to Defendant Everlast Masonry, Inc., on November 10, 2009. (Docket no. 32). This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 24). The Court disposes with oral argument on this Motion. E.D. Mich. LR 7.1(e). The matter is now ready for ruling.

Plaintiffs served each of the two Defendants with document requests on July 9, 2009. (Docket no. 23-3, 23-4). Plaintiffs agreed to two extensions of time to respond, first to August 24, 2009, then to September 4, 2009. (Docket no. 23). Defendants produced written responses on September 8, 2009. (Docket nos. 23-5, 23-6). Plaintiffs ask the court to compel access to the

requested records and order Defendants to pay attorney fees and costs incurred in bringing this motion. (Docket no. 23). According to the Joint Statements the following issues remain: As to Defendant DRKK Development (DRKK) Request to Produce Nos. 1 and 9(A); as to Defendant Everlast Masonry, Inc.(Everlast), Request to Produce No. 11; and as to both Defendants, redacted information on financial documents produced by Defendants.

### A.     The Requests At Issue Are Relevant

Plaintiffs may "obtain discovery of any non-privileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Despite a few boilerplate objections by Defendants to some of the Requests as "irrelevant" all of the requests at issue are relevant to the issue of whether the Defendant companies are alter egos or otherwise one and the same. To the extent that either Defendant objects that Plaintiffs' Requests are overbroad, oppressive or harassing, they have provided no specific information to support the objections and the Court finds that the boilerplate objections are without merit.

### B.     Defendants' Responses That They Are In The Process of Obtaining The Documents

The issue with Defendant DRKK's responses to Request to Produce No. 1 and 9(A) and Defendant Everlast's response to Request No. 11 arises from their non-committal written responses indicating that each Defendant is still attempting to procure the responsive documents and will produce them when they are available, without providing further information regarding their status.

Plaintiffs may serve a request to produce "items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain upon demand." *Scott*

*v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989). Defendants' responses are insufficient. Defendants have already had far more time to produce the documents than the thirty days allowed pursuant to Rule 34(b)(2)(A), Fed. R. Civ. P. The Court will order each Defendant to produce all responsive documents within its possession, custody or control by a date certain and to amend each of the responses to state that it has produced all of the responsive documents within its possession, custody or control. In light of the ambiguity of the Defendants' responses as to whether or not documents exist and what steps were or are being taken to identify and procure them, the Court will also order Defendants' counsel to each produce an affidavit as set forth below stating what steps were taken to identify, locate and produce the responsive documents, including listing dates and places where documents were sought.

**C.     Production of Redacted Documents**

Plaintiffs argue that both Defendants have produced one or more redacted documents in their productions of financial documents in response to Request To Produce No. 1. Plaintiffs argue that no privilege applies and neither Defendant produced a privilege log or otherwise complied with Rule 26(b)(5), Fed. R. Civ. P. Plaintiffs characterize the information Defendant Everlast redacted as dollar amounts and descriptions of expenses related to legal fees. In the Joint Statements Defendant Everlast argues that the redacted information is irrelevant. Plaintiffs characterize the information Defendant DRKK redacted as the name of a recipient for a check that Defendant argues was for legal fees. Neither Defendant raised any objections in its written responses to Plaintiffs' Document Request and neither Defendant filed a response to Plaintiffs' motion.

"As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objections.'" *Carfagno v. Jackson Nat'l Life Ins.*, 2001

U.S. Dist. LEXIS 1768 *3 (W.D. Mich. 2001)(no exception for work product and attorney-client material under the waiver). The requested information and documents, including the redacted name of the recipient of a legal fees check and the dollar amounts and descriptions of expenses, are relevant to the issue of whether the Defendants are alter-egos. *See generally N.L.R.B. v. Midwest Precision Heating and Cooling, Inc.*, 408 F.3d 450, 459 (8th Cir. 2005) (The court noted in its alter-ego analysis that Midwest Air Conditioning "still uses the same accountant, lawyer, and payroll provider that Precision used."). Defendants Everlast and DRKK waived any objections or privilege, failed to produce a privilege log and did not otherwise move for protection of the requested material. The Court will order Defendants to produce all responsive documents in full, without redaction. The Court will deny Plaintiffs' request for attorneys fees and costs. Fed. R. Civ. P. 37(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (docket no. 23) is **GRANTED** in part and on or before November 30, 2009 Defendant DRKK will produce all documents responsive to Request to Produce Nos. 1 and 9(A) in full without redaction and will amend its written responses to the same to state whether it has produced all responsive documents within its possession, custody or control and Defendant Everlast will produce all documents responsive to Request to Produce Nos. 1 and 11 in full without redaction and will amend its written responses to the same to state whether it has produced all responsive documents within its possession, custody or control.

**IT IS FURTHER ORDERED** that to the extent that either Defendant responds that it has not produced all responsive documents within its possession, custody or control, counsel for that Defendant will serve with its amended Responses an affidavit setting forth the steps taken to identify

and procure the remaining responsive documents, including the time, manner and place(s) where documents were sought.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys fees and costs is denied. Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: November 16, 2009              s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE



### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 16, 2009              s/ Lisa C. Bartlett
                                      Case Manager